IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDY RETHERFORD, on behalf of herself and all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION,<br><br>Defendant. | Case No. |

**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Brandy Retherford ("Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, Shavitz Law Group, P.A. and the Feldman Legal Group, upon personal knowledge as to themselves and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover overtime compensation and other damages for Plaintiff and similarly situated employees who have worked as salary-paid and exempt-classified Operations Managers, assistant-level managers, and similarly titled individuals ("OMs") for Defendant The Hertz Corporation ("Hertz") at any Hertz, Dollar, Thrifty, or Dollar/Thrifty branded car rental location in the United States at any time from the period of June 10, 2021 through the date of final judgment (the "Relevant Period"), pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. Hertz has engaged in a scheme and unlawful pay practice applicable to all of its OMs employed across the United States and its territories during the period following its

emergence from bankruptcy to the present day by willfully misclassifying OMs as exempt from overtime pay under the FLSA in order to minimize labor costs and maximize profits.

3. Hertz operates its worldwide vehicle rental business through multiple brands, including Hertz, Dollar, and Thrifty.

4. Defendant utilizes OMs as part of their workforce at its car rental locations. Their primary duties are waiting on customers at the vehicle rental counter, driving vehicles from one location to another, washing vehicles, handling vehicle returns, and general customer service.

5. Throughout the Relevant Period, it was Defendant's policy to uniformly classify all OMs nationwide as exempt from federal overtime provisions and not to pay OMs any overtime wages, regardless of any individualized job analysis.

6. To serve their customers' needs and maximize profits, Defendant regularly required OMs to work in excess of 40 hours per week during the Relevant Period.

7. The primary duties of OMs do not fall under any of the exemptions to the FLSA.

8. By the conduct described in this Collective Action Complaint, Defendant has violated the FLSA by failing to pay OMs, including Plaintiff, the overtime wages they have earned and to which they are entitled by law.

**THE PARTIES**

*Plaintiff Brandy Retherford*

9. Plaintiff Brandy Retherford is an adult individual who is a resident of Fort Myers, Florida.

10. Plaintiff was employed by Defendant from approximately June 2021 to December 2021 as an OM at Defendant's Fort Myers, Florida airport location.

11. Throughout Plaintiff's period of employment with Defendant, Plaintiff routinely worked 55 to 60 hours per workweek for Defendant and did not receive wages or overtime wages for time worked in excess of 40 in workweeks.

12. Plaintiff is a covered employee within the meaning of the FLSA.

13. A written consent form for Plaintiff is attached as Exhibit A.

*Defendant The Hertz Corporation*

14. Hertz is a subsidiary of Hertz Global Holdings, Inc., but the company operates Hertz and Hertz Global Holdings as one unified and integrated business enterprise. Hertz and Hertz Global Holdings, Inc. are publicly traded corporations organized and existing under the laws of Delaware sharing their corporate headquarters in Estero, Florida.

15. Throughout the Relevant Period, Hertz employed Plaintiff and similarly situated employees within the meaning of the FLSA. Hertz had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

16. Hertz is a covered employer within the meaning of the FLSA and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

17. At all times relevant, Hertz maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

18. Hertz applied the same employment policies, practices, and procedures to all OMs during the Relevant Period, including classifying all OMs across the United States and its territories as exempt, regardless of any individualized differences in work and without any individualize analysis.

19. At all times relevant, Hertz's annual gross volume of sales made or business done was not less than $500,000. Hertz also engages in interstate commerce as some of its cars typically cross state lines and are rented at different locations across state lines.

**JURISDICTION AND VENUE**

20. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the FLSA.

21. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

22. The United States District Court for the Middle District of Florida has personal jurisdiction over Defendant as its corporate headquarters are located in this District in Estero, Florida, and because many of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

24. This Court also has general jurisdiction over this Defendant and Defendant can be subject to answer for the claims of for all non-resident plaintiffs who join this action because Defendant's corporate office is in this District.

25. Defendant is subject to the FLSA as a covered employer as it engages in interstate commerce by renting vehicles across the United States and its territories, and has revenues exceeding $500,000.00 annually during the relevant class period.

**COLLECTIVE-WIDE FACTUAL ALLEGATIONS**

26. Plaintiff brings the Complaint and legal claim against Defendant pursuant to FLSA, 29 U.S.C. § 216(b), individually and on behalf of all similarly situated persons who work or have

worked for Defendant as OMs at Defendant's car rental locations in the Unites States and its territories during the Relevant Period (the "FLSA Collective").

27. All the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant have been aware of all the work that Plaintiff and the FLSA Collective have performed.

28. As part of its regular business practice, during the Relevant Period, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

    b. willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

    c. willfully failing to record all the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

29. Defendant is aware or should have been aware that federal and state law required them to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

30. First, upon information and belief, Defendant renamed its Function and Location Manager position to the Operation Manager position.

31. In a prior lawsuit *Aiyekusibe v. Hertz Corp., et al.*, No. 2:18-CV-816-FtM-99MRM from this District, the plaintiffs worked as Function or Location Managers for Hertz and claimed that Hertz misclassified them as exempt from overtime pay. Defendant was placed on notice that it was misclassifying these positions (which are equivalent to the OM position) as exempt and that Defendant was in violation of the FLSA.

32. After emerging from bankruptcy on or about July 1, 2021, it was business as usual and back to misclassifying its OMs as exempt to save millions of dollars annually in labor costs.

33. Plaintiff and the FLSA Collective all perform or performed the same or similar primary duties.

34. Defendant's unlawful conduct and pay practice has been widespread, repeated, and willful.

35. Throughout their employment with Defendant, Plaintiff and the members of the FLSA Collective consistently worked more than 40 hours per week.

36. Plaintiff's and the FLSA Collective's primary duty was not management, and Plaintiff did not direct the work of 2 or more full-time employees or the equivalent and cannot thus be an executive exempt employee.

37. Plaintiff and all other OMs' job duties were routine and standardized.

38. Plaintiff's and the FLSA Collective's primary duties were non-exempt duties, including general customer service and vehicle preparation for rental.  Plaintiff and the FLSA Collective spent the vast majority of their time performing these non-exempt duties.

39. During the Relevant Period, Plaintiff and the FLSA collective were paid a weekly salary for 40 hours for their services.

40. Plaintiff and the FLSA Collective were closely supervised by their direct and indirect supervisors who were responsible for the overall performance of the hourly-paid employees and for coaching and developing sales employees.

41. Plaintiff and the FLSA Collective did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by Defendant.  Plaintiff and the FLSA Collective did not

have any independent discretionary authority to deviate from these policies, practices, and procedures.

42. Upon information and belief, Defendant directed the work of other workers who, while being paid by its subsidiary and affiliated entity, DTG Operations Inc. and performing work for the brands and companies, such as Dollar and Thrifty, were also performing work for Defendant and its Hertz brand or business.

**CLAIM FOR VIOLATION OF SECTION § 207A OF THE FLSA: FAILURE TO PAY OVERTIME PREMIUMS**
**(Brought individually by and on behalf of all others similarly situated against Defendant)**

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendant engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

45. Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

46. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

47. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

48. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

50. Defendant failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

51. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees during the Relevant Period.

52. Defendant knew or should have known from the prior *Aiyekusibe* lawsuit in this District (referenced above) that the OM position as a total group or class of workers does not satisfy the elements of any exemption under the FLSA.

53. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

54. As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

55. As a result of the Defendant's unlawful conduct complained of herein, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things.

B.    Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.    Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful;

D.    Pre-judgment interest and post-judgment interest as provided by law;

E.    Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

F.    Attorneys' fees and costs of the action;

G.    Such other injunctive and equitable relief as this Court shall deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: Boca Raton, Florida          Respectfully submitted,
       September 11, 2023

_____
**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz
gshavitz@shavitzlaw.com

- 9 -

951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888

**/s/Mitchell Feldman, Esq.**
**FELDMAN LEGAL GROUP**
Mitchell Feldman
mfeldman@flandgatrialattorneys.com
6916 W. Linebaugh Avenue
Suite #101
Tampa, FL 33625
Telephone:  (813) 639-9366
*Attorneys for Plaintiff and all those similarly situated*