UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDY RETHERFORD, *et al.*,

      Plaintiff,

    v.

THE HERTZ CORPORATION,

      Defendant.

Case No: 2:23-cv-719-KCD-NPM

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE
PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY (DOC. 149)**

On April 29, 2026, Defendant Hertz moved to strike Plaintiff Retherford's Notice of Supplemental Authority (Doc. 147), arguing that *Kalantari v. Chenega Global Protection, LLC*, 2026 WL 863976 (D. Colo. Mar. 30, 2026), is merely cumulative of the out-of-circuit authority Plaintiff already presented in her fully briefed Motion for Tolling (Doc. 122). On May 8, 2026, Plaintiff filed a seven-page Response (Doc. 150) that mischaracterizes Hertz's arguments, sidesteps the core basis for the Motion to Strike, and advances arguments warranting this brief reply to correct the record. In accordance with this Court's Endorsed Order granting Hertz's Motion for Leave (Doc. 152), Hertz files this reply brief.

**I.    PLAINTIFF'S RESPONSE FAILS TO ADDRESS THE PRIMARY BASIS
FOR THE MOTION TO STRIKE: CUMULATIVE AUTHORITY.**

Plaintiff ignores the actual basis for Hertz's Motion: that *Kalantari* is cumulative of the arguments and authority Plaintiff already presented in her Motion for Tolling.

Local Rule 3.01(j) authorizes supplementation only for authority that "is not merely cumulative" and was not available when the original memorandum was filed.

*Kalantari* is *another* out-of-circuit district court decision concerning equitable tolling in an FLSA case in the Tenth Circuit—the same proposition Plaintiff advanced in her opening brief, supported by materially identical authority. Plaintiff's Response does not meaningfully engage with this point, asserting only in conclusory fashion that *Kalantari* is "supplemental, not cumulative" because it is "recent." Doc. 150 at 3–4. But recency alone does not make a decision non-cumulative—otherwise, any briefing party would have the right to supplement any time a new out-of-circuit decision comes down related to its prior argument, even if it added nothing new to the underlying argument. A newly issued decision that says exactly what prior authority already said is, by definition, cumulative. *See* Evidence, Black's Law Dictionary (12th ed. 2024) ("**cumulative evidence** (18c) Additional evidence that supports a fact established by the existing evidence (esp. that which does not need further support).").

Tellingly, Plaintiff does not identify a single proposition in *Kalantari* that was not already before this Court. Indeed, the *Kalantari* court even cited to *Stransky*—the very same District of Colorado decision Plaintiff cited in her original Motion. (Doc.) 122. *Kalantari* is, quite literally, a recent decision applying the same authority Plaintiff already presented to reach the same conclusion Plaintiff already argued. That is the paradigm of cumulative authority—not an exception to it.

## II.    PLAINTIFF'S "HYPOCRISY" ARGUMENT IS A RED HERRING.

The thrust of Plaintiff's Response is that, in the past, Hertz has filed notices of supplemental authority citing out-of-circuit authority on a different topic—certification of FLSA collective actions under 29 U.S.C. § 216(b)—and thus it cannot seek to strike Plaintiff's notice presenting out-of-circuit authority on the separate topic of equitable tolling. (Doc. 150 at 4-6.) This "what's good for the goose" argument fails.

Starting with the most recent, in March 2026, Hertz alerted this Court to *Maharaj v. The Hertz Corp.*, 2026 WL 636711 (N.D. Cal.), in which the district court denied Plaintiff Maharaj's request to certify a Rule 23 class of Hertz Operations Managers ("OMs") claiming misclassification as exempt under California law. After Plaintiff took issue with the form of Hertz's original notice (Doc. 95), Hertz filed an amended notice (Doc. 144), to which Plaintiff did not object. And the reason she did not object, presumably, is that the supplementation was squarely in line with the spirit of Local Rule 3.01(j)—it was new, highly relevant authority that is not merely cumulative of prior argumentation.

The relevance of the *Maharaj* decision cannot be seriously disputed. The case involves the same defendant (Hertz), the same job position (OM), and substantially the same allegations (misclassification as exempt based on alleged non-exempt duties) as this case. Indeed, Ms. Maharaj was a plaintiff in *this case* for a period of time. (Doc. 23.) If a decision with that degree of factual and legal overlap does not qualify as supplemental authority, then it is not clear what would.

Hertz's prior notices—regarding *Laverenz* (Doc. 95) and *Richards* (Doc. 126)—addressed the standard for certification of FLSA collective actions under § 216(b). This is a topic on which the (1) Eleventh Circuit has not spoken definitively; (2) courts across the country increasingly focused and divided; and (3) the prior presiding judge in this case invited briefing (Doc. 98 (directing the parties to provide supplemental briefing about the applicability of *Clark* and *Swales*)). Under these circumstances, when the governing legal standard is unsettled and evolving, out-of-circuit authority is uniquely probative and inherently non-cumulative because it informs this Court's exercise of discretion in choosing among competing frameworks

That is presumably why Plaintiff never contested Hertz's prior supplemental authority until now—in a response brief concerning an entirely different topic.

By contrast, the equitable tolling standard in the Eleventh Circuit is settled—and it is contrary to *Kalantari*. In this Circuit, it is well-established that equitable tolling is "an extraordinary remedy to be applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *see* Doc. 125 at 2-3. Yet another out-of-circuit district court applying a more permissive approach adds nothing to the analysis. Worse, the *Kalantari* defendant did not even contest tolling. *See Kalantari*, 2026 WL 863976, at *8 ("Defendant does not challenge Plaintiffs' request."). A one-sided ruling applying out-of-circuit law to an unopposed request is not authority that "supplements" anything—least of all in a Circuit that treats equitable tolling as extraordinary relief.

4

## III.    PLAINTIFF'S RULE 12(F) ARGUMENT IS A DISTRACTION.

Plaintiff argues that Rule 12(f) does not authorize striking a notice of supplemental authority because a notice is not a "pleading." (Doc. 150 at 3.) That argument misses the mark. Hertz's Motion expressly invoked Local Rule 3.01 as an independent basis for relief, and Local Rule 3.01(j) specifically governs notices of supplemental authority. Plaintiff offers no reason why a notice that violates that rule cannot be stricken under it. This Court possesses the inherent authority to manage its own docket, including the power to disregard or strike filings that do not comply with its rules. *See, e.g.*, *Jones v. United Space Alliance, LLC*, 170 F. App'x 52, 57 (11th Cir. 2006) (finding district court did not abuse its discretion in granting a motion to strike a motion for reconsideration for failing to abide by the Local Rules).

Plaintiff's procedural objection deserves no credit.

## CONCLUSION

For the foregoing reasons, and those set forth in Hertz's Motion to Strike (Doc. 149), Hertz respectfully requests that the Court strike Plaintiff's Notice of Supplemental Authority (Doc. 147).

Respectfully submitted this 13th day of May, 2026

s/ *Kevin M. Young*
Kevin M. Young
Fla. Bar No. 114151
kyoung@seyfarth.com
Alexander W. Simon
Special appearance
asimon@seyfarth.com
1075 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30309

Telephone: (404) 885-1500

*Counsel for Defendant*